IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TIMOTHY DOUGLAS                                                                    PLAINTIFF

v.                                         CIVIL NO. 21-2179

KILOLO KIJAKAZI, Acting Commissioner                                               DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Timothy Douglas, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382.  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for SSI on February 12, 2019, alleging an inability to work since May 10, 2018, due to prostate cancer, knee problems, left rotary cuff issues, a blood clot in his left leg, osteoarthritis, suicidal depression, psychotic behavior, and PTSD. (Tr. 10, 230). An administrative hearing was held via telephone on September 16, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 10, 32–68). A Vocational Expert (VE) also testified. Id.

On December 3, 2020, the ALJ issued an unfavorable decision. (Tr. 25).  The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments

1

that were severe: degenerative joint disease status post-surgery of the left shoulder, status post deep vein thrombosis, degenerative disc disease of the lumbar spine, adenocarcinoma prostate status post-prostatectomy without recurrence, obesity, and mood disorders. (Tr. 12–13). However, after reviewing all evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13–15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 C.F.R. §416.967(b) except as follows: the claimant is able to occasionally climb, stoop, kneel, crouch, and crawl. He should not perform overhead reaching with his left upper extremity. His work can be performed where interpersonal contact is routine but superficial (such as a grocery checker). Tasks should be no more complex than those learned by experience, with several variables, judgment within limits, and the supervision required is little for routine tasks but detailed for non-routine tasks.
> (Tr. 15–23).

With the help of a VE, the ALJ determined that Plaintiff could not perform any of his past relevant work, but could perform the requirements of light, unskilled occupations such as Cashier II, Small Product Assembler, or Powered Screwdriver Operator. (Tr. 23–24). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from February 12, 2019, through the date of his decision. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which was denied on August 27, 2021. (Tr. 1–3). Subsequently, Plaintiff filed this action. (ECF No. 2). The parties have filed appeal briefs and this case is before the undersigned for report and recommendation. (ECF Nos. 13, 14). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial

gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

**III.    Discussion**

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred in failing to fully and fairly develop the record; 2) whether the ALJ erred at Step Two by omitting the previously adjudicated severe impairment of the left knee; 3) whether the ALJ erred in his assessment of Plaintiff's subjective complaints; 4) whether the ALJ erred in his RFC determination; and 5) whether the ALJ failed to properly resolve a direct conflict between his RFC assessment, the VE's testimony, and the DOT. (ECF No. 13).

Of particular concern to the Court are the ALJ's findings at Step Five. At the administrative hearing, the ALJ presented the hypothetical of a person of Plaintiff's age, education, and work experience who could do light work with the same limitations (including no overhead reaching with the upper left extremity) later found in the RFC determination. (Tr. 15, 62–63). The VE asked whether Plaintiff's counsel would like him to read the overhead reaching statement; counsel indicated they would stipulate. (Tr. 63). VE testified Plaintiff could perform the work of Cashier II, Small Products Assembler, or Powered Screwdriver Operator, the same jobs the ALJ found Plaintiff could perform at Step Five in his decision. (Tr. 24, 63–64). The ALJ

asked the VE whether his testimony was consistent with the DOT, and the VE replied that it was. (Tr. 64). The ALJ further questioned the VE with respect to the limitation of no overhead reaching, and the VE replied that this was from his 25 plus years of experience as a vocational rehab counselor. At Step Five in the decision, the ALJ did not explicitly address any conflict between the VE testimony and the DOT, simply stating that the testimony was consistent with the DOT. (Tr. 24).

The VE testimony in this case appears to conflict with the Dictionary of Occupational Titles, as Plaintiff was limited to no overhead reaching with his left upper extremity, and each of the three jobs the ALJ found Plaintiff could perform required frequent reaching according to the DOT. (Tr. 15), Dictionary of Occupational Titles, 211.462-010, 709.687-022, and 699.685-026 (4th rev. ed. 1991). The DOT does not distinguish between overhead reaching and other types of reaching, giving rise to the apparent conflict between the VE testimony and the DOT.

An ALJ has an affirmative duty to ask about any possible conflict between the VE's testimony and the DOT before relying on that testimony to support his findings. Soc. Sec. Ruling ("SSR") 00-4p (2000), *2-4, 2000 SSR LEXIS 8. *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007); *Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014). The VE must provide sufficient explanation for his testimony. *Id.* Next, an ALJ must explain in his decision how he resolved that conflict. *Id.*

Plaintiff brings our attention to *Stanton v. Commisioner, Social Security Administration*, 899 F.3d 555 (8th Cir. 2018), wherein the Court reversed the ALJ where the VE only called on experience to resolve the conflict. (ECF No. 13, p. 9). In *Stanton*, the Court found "the expert's statement that his opinion was "consistent with the *DOT* and [his] experience" was not a sufficient explanation, because it did not address whether or why the expert's experience

5

provided a basis to overcome an apparent conflict with the Dictionary," and clarifies that while the VE may very well have had knowledge about the requirements of specific jobs and their requirements from his experience, he did not say so and further elaboration was required. *Stanton v. Comm'r SSA*, 899 F.3d 555, 560 (8th Cir. 2018). While *Stanton* addressed a question of potential conflict between the reasoning levels of the job and not overhead reaching, subsequent caselaw has clarified the rule as it related to overhead reaching. *See Alberda v. Comm'r, SSA*, 2021 WL 4239500 (E.D. Ark., September 17, 2021) (Wherein the ALJ restricted Plaintiff to no more than occasional overhead reaching, and VE testimony that he relied on his experience to resolve the conflict was insufficient); *Manuel v. Saul*, 2020 U.S. Dist. LEXIS 195996 (E.D. Ark., Oct. 22, 2020) (Wherein Plaintiff was limited to occasional overhead reaching and VE testimony that he relied on his past experience with these and similar jobs was an insufficient basis for resolving the conflict). It is clear that the VE must provide adequate testimony regarding what, in their experience, shows there is not a conflict with the DOT, not simply a statement that they are relying upon experience to find there is no conflict.

In this case, the ALJ did not explain in his decision how he resolved the conflict, instead finding that there was no conflict despite questioning the VE about a conflict at the administrative hearing. As Plaintiff argues in his brief, all three of the jobs the ALJ found Plaintiff would be able to perform require frequent reaching. (ECF No. 13, p. 10). The ALJ erred by not recognizing or adequately addressing the conflict between the DOT and the VE testimony at Step Five, warranting remand for further consideration.

**III. Conclusion**

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of September 2022

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE